UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROBERT STRAHAN, | ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 1:23-cv-00447-HAB-SLC |
| AMERICAN ELECTRIC POWER, | ) ) |
| Defendant. | ) ) |

**OPINION AND ORDER**

On December 6, 2023, Plaintiff filed a motion to amend complaint by interlineation, seeking to correct the proper party in interest by substituting Defendant American Electric Power with Indiana Michigan Power. (ECF 13). On December 7, 2023, Defendant filed a response, indicating that the proper party in interest was Indiana Michigan Power Company instead of Indiana Michigan Power. (ECF 14). Defendant further opposed the motion by interlineation pursuant to the Court's Local Rule 15-1, stating that the proper procedure to correct the party in interest was through a motion to amend under Federal Rule of Civil Procedure 15. (*Id.*). The Court ultimately denied Plaintiff's motion to amend complaint by interlineation and afforded Plaintiff the opportunity to file a motion to amend under Rule 15. (ECF 15).

Now before the Court is a motion to amend complaint filed by Plaintiff on December 21, 2023. (ECF 16). The Scheduling Order in this case provides that Plaintiff has to and including June 3, 2024, to seek leave of Court to amend his pleadings. (ECF 11). The motion represents that Defendant does not oppose the motion. (ECF 16 ¶ 2).

While Plaintiff's motion is timely filed and seemingly unopposed, it is deficient under Local Rule 15-1 and will not be granted as filed. Local Rule 15-1 requires that "[m]otions to

amend a pleading must include the original signed proposed amendment as an attachment," and that amendments "must reproduce the entire pleading as amended" and "must not incorporate another pleading by reference." N.D. Ind. L.R. 15-1. Indeed, Plaintiff submits the same document he submitted in his motion to amend complaint by interlineation, in which he indicated that the correct Defendant is Indiana Michigan Power, a fact Defendant disagreed with in its December 7, 2023, response. (*See* ECF 14). This calls into question whether the motion is truly unopposed.

Additionally, Plaintiff attaches to his motion to amend three exhibits consisting of: (1) a charge of discrimination filed with the United States Equal Employment Opportunity Commission (EEOC); (2) an amended charge of discrimination filed with the EEOC; and (3) a determination and notice of rights issued by the EEOC. (ECF 16-1 to 16-3). However, Plaintiff does not attach the original complaint as amended. As such, his motion to amend offers piecemeal documents, thus impermissibly incorporating a pleading by reference and making it unclear which document, if any, constitutes "the entire pleading as amended." N.D. Ind. L.R. 15-1.

"Piecemeal pleadings [like the one offered by Plaintiff] cause confusion and unnecessarily complicate interpretation of a movant's allegations and intent . . . ." *Brooks-Ngwenya v. Bart Peterson's the Mind Tr.*, No. 1:16-cv-00193-PPS-SLC, 2017 WL 65310, at *1 (N.D. Ind. Jan. 6, 2017) (denying motion to amend that offered piecemeal pleadings). Accordingly, the Court DENIES Plaintiff's motion to amend without prejudice. (ECF 16); *see Williams v. Foster*, No. 1:19-cv-1659-pp, 2020 WL 3618509, at *1 (E.D. Wis. July 2, 2020) ("Generally, the court does not allow a plaintiff to file piecemeal pleadings; it requires the plaintiff to put all his allegations in a single document."). Should Plaintiff file an amended

motion to complaint, Defendant will be afforded fourteen days to respond in the event disagreements persist regarding the proper party in interest.

    SO ORDERED.

    Entered this 5th day of January 2024.

/s/ Susan Collins  
Susan Collins  
United States Magistrate Judge
